# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND CONCRETE ENTERPRISES, INC. EMPLOYEE STOCK OWNERSHIP PLAN; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT AMERICAS, L.P., a Limited Partnership; RUNE KRAFT, an individual; and Does 1 through 5, inclusive,<br><br>Defendants. | CASE NO.: CV10 1776 VBF (OPx)<br>*Hon. Valerie Baker Fairbank*<br>**DEFAULT JUDGMENT AGAINST DEFENDANTS KRAFT AMERICAS, L.P. AND RUNE KRAFT** |

Plaintiffs Inland Concrete Enterprises, Inc Employee Stock Ownership Plan; Inland Concrete Enterprises, Inc. and Nicholas L. Saakvitne, as Trustee of the Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan (hereinafter sometimes referred to collectively as "Plaintiffs") having filed their Motion for Default Judgment Against Defendants Kraft Americas, L.P. and Rune Kraft, the Court having reviewed all documents and pleadings filed in connection with their Motion and having GRANTED the Motion:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Default Judgment hereby is entered against Defendants Kraft Americas, L.P. and Rune Kraft on Plaintiffs' Complaint [ECF No. 1] as follows:

2. On the First Claim for Relief for Declaratory Relief and Judgment by Plaintiff Inland Concrete Enterprises, Inc. ("Inland. Inc.") against Defendants Kraft Americas, L.P. and Rune Kraft, the Court adjudges and declares:

    a. That Plaintiff Inland Inc. was not the seller in connection with the Oldcastle-Inland ESOP Transaction and received no compensation or consideration in connection with the sale of stock by the Inland ESOP, that no services were provided by Defendant Kraft Americas, L.P. or Rune Kraft to Plaintiff Inland Inc. in connection with the Oldcastle-Inland ESOP Transaction, and therefore, Plaintiff Inland Inc. is <u>not</u> liable, under any circumstances, to Defendants Kraft Americas, L.P. and/or Rune Kraft for a fee or compensation in connection with the Oldcastle-Inland ESOP Transaction.

    b. That Plaintiff Inland Inc. never retained or engaged Defendants Kraft Americas, L.P. and/or Rune Kraft to provide any services to, or for, Inland Inc. in connection with the Oldcastle-Inland ESOP Transaction.

    c. That Plaintiff Inland Inc. and Defendants Kraft Americas, L.P. and/or Rune Kraft did not enter into a binding and enforceable express oral or written agreement, implied in fact agreement, or implied in law agreement for the payment of fees by Plaintiff Inland Inc. to Defendants Kraft Americas, L.P. and/or Rune Kraft in connection with the Oldcastle-Inland ESOP Transaction.

    d. That both Kraft Americas, L.P. and Rune Kraft rendered brokers services in connection with the Oldcastle-Inland ESOP Transaction, and under California law, the entity or person rendering broker's services in connection with the Transaction was required to have either (i) a real estate broker's license because the Transaction involved the sale of a business opportunity (*see* California Business & Professions Code ("B&P Code") §§ 10030, 10130, 10131, 10136, and 10139 and *All Points Traders, Inc. v. Barrington Associates*, 211 Cal.App.3d 723, 731 (1989)); or (ii) a securities broker-dealer

license because the Oldcastle-Inland ESOP Transaction was the sale of stock (*see* B&P Code § 10008.5; California Corporations Code ("Corp. Code") §§ 25210(a) and 25504 and *Owen v. Off*, 36 Cal.2d 751, 757 (1951); *Nationwide Inv. Corp. v. California Funeral Services*, 40 Cal.App.3d 494, 503 (1974); *Rhode v. Bartholomew*, 94 Cal.App.2d 272, 282 (1949)).

    e.    That neither Kraft Americas, L.P. nor Rune Kraft had either a real estate broker's license or a securities broker-dealer license at any time before, during or after the Oldcastle-Inland ESOP Transaction.

    f.    That, therefore, Defendants Kraft Americas, L.P. and/or Rune Kraft acted unlawfully when it/he rendered broker's services, and accordingly, any express or implied agreement for such a fee is void and both Kraft Americas, L.P. and Rune Kraft are barred from recovering a fee from Inland Inc. in connection with the Oldcastle-Inland ESOP Transaction.

    g.    That, under California law (*see, e.g.*, *Rees v. Department of Real Estate*, 76 Cal.App.2d 286, 295 (1977), *Tyrone v. Kelley*, 9 Cal.3d 1, 11-12 (1973)), Defendants Kraft Americas, L.P. and/or Rune Kraft did not render the limited services of a finder because Kraft Americas, L.P.'s and Rune Kraft's actions extended far beyond simply introducing Oldcastle and Inland ESOP and included, among other things, "running this transaction [Kraft Americas, L.P.'s and/or Rune Kraft's] way," and "handl[ing] the negotiations between the parties."

    h.    That the claims, if any, that Defendants Kraft Americas, L.P. and/or Rune Kraft may have ever had against Inland Inc. for fees or compensation in connection with the Oldcastle-Inland ESOP Transaction are barred by the two-year statute of limitations set forth at California Code of Civil Procedure ("CCP") §339, subdivision 1.

    i.    That the claims, if any, Defendants Kraft Americas, L.P. and/or Rune Kraft ever had against Plaintiff Inland Inc. for fees or compensation are

barred because both Kraft Americas, L.P. and Rune Kraft had multiple undisclosed conflicts of interest, breached its/his duties of undivided loyalty and breached its/his fiduciary duties owed to Inland, Inc. by failing to disclose material facts to Inland Inc. and,

  j. Costs of suit incurred herein and reasonable attorney's fees according to proof, are awarded to Plaintiff Inland Inc. pursuant to CCP §1029.8 (a).

 3. On the Second Claim for Relief for Declaratory Relief and Judgment by Plaintiffs Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan and Nicholas L. Saakvitne, in his representative capacity as Trustee of the Inland ESOP ("Trustee Saakvitne") (hereinafter referred to collectively as "Plaintiff Inland ESOP") against Defendants Kraft Americas, L.P. and Rune Kraft, the Court adjudges and declares:

  a. That Plaintiff Inland ESOP and Defendants Kraft Americas, L.P. and/or Rune Kraft did not enter into a binding and enforceable express oral or written agreement, implied in fact agreement, or implied in law agreement for the payment of fees by Plaintiff Inland ESOP to either Kraft Americas, L.P. or Rune Kraft in connection with the Oldcastle-Inland ESOP Transaction.

  b. That Defendants Kraft Americas, L.P. and/or Rune Kraft rendered broker's services in connection with the Oldcastle-Inland ESOP Transaction, and under California law, the entity or person rendering broker's services in connection with the Oldcastle-Inland ESOP Transaction was required to have either (i) a real estate broker's license because the Oldcastle-Inland ESOP Transaction involved the sale of a business opportunity (*see* California Business & Professions ("B&P") Code §§ 10030, 10130, 10131, 10136, and 10139 and *All Points Traders, Inc. v. Barrington Associates*, 211 Cal.App.3d 723, 731 (1989)); or (ii) a securities broker-dealer license because the Oldcastle-Inland ESOP Transaction was the sale of stock (*see* B&P Code §

10008.5; California Corporations Code ("Corp. Code") §§ 25210(a) and 25504 and *Owen v. Off*, 36 Cal.2d 751, 757 (1951); *Nationwide Inv. Corp. v. California Funeral Services*, 40 Cal.App.3d 494, 503 (1974); *Rhode v. Bartholomew*, 94 Cal.App.2d 272, 282 (1949)).

  c. That neither Kraft Americas, L.P. nor Rune Kraft had either a real estate broker's license or a securities broker-dealer license at the time before, during or after the Oldcastle-Inland ESOP Transaction.

  d. That, therefore, Defendants Kraft Americas, L.P. and/or Rune Kraft acted unlawfully when it/he rendered broker's services, and accordingly, any express or implied agreement for such a fee is void and both Kraft Americas, L.P. and Rune Kraft are barred from recovering a fee from Inland ESOP in connection with the Oldcastle-Inland ESOP Transaction.

  e. That, under California law (*see, e.g.*, *Rees v. Department of Real Estate*, 76 Cal.App.2d 286, 295 (1977), *Tyrone v. Kelley*, 9 Cal.3d 1, 11-12 (1973)), Defendants Kraft Americas, L.P. and/or Rune Kraft did not render the limited services of a finder because Kraft Americas, L.P.'s and Rune Kraft's actions extended far beyond simply introducing Oldcastle and Plaintiff Inland ESOP and included, among other things, "running this transaction [Kraft Americas, L.P.'s and/or Rune Kraft's] way," and "handl[ing] the negotiations between the parties."

  f. That the claims, if any, that Defendants Kraft Americas, L.P. and/or Rune Kraft may have ever had against Inland ESOP for fees or compensation in connection with the Oldcastle-Inland ESOP Transaction are barred by the two-year statute of limitations set forth at California Code of Civil Procedure ("CCP") §339, subdivision 1.

  g. That the claims, if any, Defendants Kraft Americas, L.P. and/or Rune Kraft ever had against Plaintiff Inland ESOP for fees or compensation are barred because both Kraft Americas, L.P. and Rune Kraft then had

multiple undisclosed conflicts of interest, breached its/his duties of undivided loyalty and breached its fiduciary duties owed to Inland, Inc. by failing to disclose material facts to Plaintiff Inland ESOP.

h.  That Plaintiff Inland ESOP is an employee benefit plan governed by ERISA, 29 U.S.C. §1001 et seq.

i.  That Defendants Kraft Americas, L.P. and/or Rune Kraft, as an entities or persons who rendered services to Plaintiff Inland ESOP, are a "party in interest" as that term is defined by ERISA. ERISA §3(14)(B), 29 U.S.C. §1002(14)(B).

j.  That transactions between a plan and a party in interest – and the amount of compensation that may be paid by a plan to a party in interest – are regulated by ERISA's prohibited transaction rules, ERISA §§ 406(a) and 408, 29 U.S.C. §§ 1106(a) and 1108, which make the furnishing of goods, services, or facilities between the plan and a party in interest a prohibited transaction (ERISA §406(a)(1)(C)) unless "no more than reasonable compensation is paid therefor." ERISA § 408(b)(2).

k.  That ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant, beneficiary or fiduciary of an employee benefit plan to bring a civil action to obtain "appropriate equitable relief" to redress violations of ERISA, including actions for declaratory relief.

l.  That the $5 million fee demanded by Defendant Kraft Americas is not only beyond the realm of a reasonable fee in the industry, but it would reduce the proceeds of the sale to the Inland ESOP participants substantially below the fairness level determined by BCC, and therefore payment thereof would constitute a prohibited transaction and be void or voidable and subject to disgorgement (*see Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 245 (2000); *Concha v. London*, 62 F.3d 1493, 1503-1504 (9th Cir. 1995); *Landwehr v. Dupree*, 72 F.3d 726, 734 (9th Cir.

1995)).

  m. Costs of suit incurred herein and reasonable attorney's fees according to proof, are awarded to Plaintiff Inland ESOP pursuant to CCP §1029.8 (a) and ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

  4. On the Third Claim for Relief for Damages for Breach of Fiduciary Duty by Plaintiff Inland ESOP against Defendants Kraft Americas, L.P. and Rune Kraft, Plaintiff Inland ESOP is awarded $3,000,000 in compensatory damages against Defendants Kraft Americas, L.P. and Rune Kraft jointly and severally.

  5. The Court shall determine costs and attorney's fees in accordance with Local Rule 54.

Dated: __June 22, 2011_____ _/s/ Valerie Baker Fairbank_____
                Hon. Valerie Baker Fairbank,
                United States District Judge